**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Gail Lynn Simpson, individually, and on behalf of all others similarly situated, | |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| vs. | |
| The County of Meeker, Minnesota, and Sheriff Mike Hirman, | **JURY DEMAND** |
| Defendants. | |

Plaintiff, Gail Lynn Simpson, individually, and on behalf of all others similarly situated, for her causes of action against the Defendants above named, states and alleges as follows:

**INTRODUCTION**

This class action for damages is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the Constitution of the United States, alleging violations of the constitutional rights of the Plaintiff, and the members of the classes she represents. Plaintiff, on behalf of herself and all those similarly situated, seeks redress for the Defendants' unlawful and unconstitutional policy, custom and/or practice of strip searching all arrestees brought to the Meeker County Jail, who were to be placed in an inmate housing unit, without regard to the nature of the charge for which the arrestee is being detained and in the absence of any probable cause, reasonable belief, reasonable suspicion or any individualized reason to believe or suspect that the arrestee is in possession of, or concealing, contraband or weapons. Plaintiff, on behalf of herself and all those similarly situated, also seeks redress for the Defendants' unlawful and

MP-Primary 80001189.1

unconstitutional policy, custom and/or practice of photographing the breasts and pubic regions of any arrestee brought to the Meeker County Jail who admits to having body piercings in those areas.

## PARTIES

1.  Plaintiff Gail Lynn Simpson is an individual currently residing in the City of Big Lake, County of Sherburne, State of Minnesota.

2.  Defendant Meeker County is, and at all relevant times was, a political entity charged with the control and supervision of all personnel of the Meeker County Sheriff's Department and Meeker County Jail.

3.  Defendant Mike Hirman ("Hirman") is the duly appointed and acting sheriff of Meeker County. As such, Defendant Hirman is, and was, a duly appointed agent authorized to enforce the law, and was acting under the color of the law at all times herein material. All causes of action brought against Defendant Hirman are brought both individually and in his capacity as the Meeker County Sheriff.

## GENERAL ALLEGATIONS

4.  On or about September 23, 2004, Gail Lynn Simpson was arrested by the Litchfield Police on a misdemeanor traffic offense of driving after revocation. During booking into the Meeker County Jail, Plaintiff was instructed to remove all of her clothing. Standing completely naked in front of the officer, she was made to stand with her feet wide apart and her hands over her head. She was also told to squat and then to turn around. Ms. Simpson's hair was searched. She complied with all instructions.

5.  On or about September 26, 2004, Gail Lynn Simpson was pulled over by the Litchfield Police and arrested on an outstanding warrant for misdemeanor driving after

suspension in Hennepin County. During booking into the Meeker County Jail, Plaintiff was instructed to remove all of her clothing. Standing completely naked in front of the officer, she was made to stand with her feet wide apart and her hands over her head. She was also told to squat and then to turn around. Ms. Simpson's hair was searched. She complied with all instructions.

6. On or about November 29, 2004, Gail Lynn Simpson was arrest by Litchfield Police on an outstanding warrant for gross misdemeanor criminal vehicular operation in Hennepin County. During booking into the Meeker County Jail, Plaintiff was instructed to remove all of her clothing. Standing completely naked in front of the officer, she was made to stand with her feet wide apart and her hands over her head. She was also told to squat and then to turn around. Ms. Simpson's hair was searched. She complied with all instructions.

7. On or about April 5, 2005, Gail Lynn Simpson was arrested on an outstanding warrant for failure to appear on a misdemeanor theft charge in Stearns County of a pair of sunglasses and for a misdemeanor driving after revocation charge in Wright County. Ms. Simpson was strip searched that evening after she requested a blanket because of the chill in the Meeker County Jail holding cell. Plaintiff was instructed to remove all of her clothing. Standing completely naked in front of the officer, she was made to stand with her feet wide apart and her hands over her head. She was also told to squat and then to turn around. Ms. Simpson's hair was searched. She complied with all instructions.

8. On or about November 28, 2007, Gail Lynn Simpson reported on her own to the Meeker County Jail to serve 48 hours for failure to pay child support. Had Ms. Simpson not served 48 hours, she would have been held in contempt of court—a misdemeanor. Upon arrival at the jail, she was taken to the booking desk where she was booked and mug shots were taken.

She was asked if she had any body piercings, and when she told the officer she had breast piercings, she was instructed to show her breasts to the booking officer who photographed them. She was then informed by an officer that she needed to accompany that officer into a room. In that room, Plaintiff was strip searched. She was instructed to remove all of her clothing. Standing completely naked in front of the officer, she was made to stand with her feet wide apart and her hands over her head. She was also told to squat and then to turn around. Ms. Simpson's hair was searched. She complied with all instructions.

9. The strip searches of Plaintiff were conducted without probable cause, reasonable belief or reasonable suspicion that she was in possession of, or concealing, contraband or weapons. They were also conducted without regard to the nature of the offenses for which she had been arrested.

10. The strip searches of Gail Lynn Simpson were performed pursuant to the custom and/or written policy of the Meeker County Sheriff's Department of strip searching all arrestees brought to the Meeker County Jail, who are to be housed in an inmate housing unit, regardless of the nature of the charges against them or the reasons for their arrest and regardless of whether probable cause or reasonable suspicion existed to suspect that they were concealing contraband or weapons.

11. At all times relevant herein, the written policy of the Meeker County Jail with regard to any "arrested subjects who will be held in an inmate housing unit until their first appearance in court" was as follows:

> The search will be conducted in the privacy of the change out room adjacent to the booking room.
>
> The searched subject will strip down to their underwear and hand their clothing to the staff member conducting the search.

> The staff member will then exit the change out room closing the ½ door; the subject will then stand behind the ½ door and remove their underwear, placing them on top of the ½ door.
>
> Staff will check the clothing and place it in the property bag.
>
> After all clothing has been removed and stored, the subject will remain behind the ½ door and stand with her/his feet wide apart, hands over their head with palms up.
>
> Subject will run her/his hand through their hair and around the ears.
>
> Subject will step into the shower stall and take a shower.  At the conclusion of the shower, she/he will step out of the shower and remain behind the ½ door.
>
> Staff member will place facility clothing on top of the ½ door and the subject will get dressed.

12. On information and belief, it has been the custom and/or policy of the Meeker County Sheriff's Department to strip search arrestees brought to the Meeker County Jail, who are going to be housed in an inmate housing unit, regardless of the nature of the charges against them or the reasons for their arrest and regardless of whether probable cause or reasonable belief existed to suspect that they were concealing contraband or weapons for at least six years prior to the date of this Complaint, and it continues to be the custom and/or policy of Meeker County.

13. On information and belief, the photographing of Gail Lynn Simpson's breasts on November 28, 2007, was performed pursuant to the custom and/or policy of the Meeker County Sheriff's Department of photographing the breasts and pubic region of any arrestees brought to the Meeker County Jail, who admitted to having body piercings in those areas.

14. On information and belief, it has been the custom and/or policy of the Meeker County Sheriff's Department to photograph the breasts and pubic region of any arrestees brought to the Meeker County Jail, who admitted to having body piercings in those areas for at least six

years prior to the date of this Complaint, and it continues to be the custom and/or policy of Meeker County.

15. The federal constitutional rights of the Plaintiff, and of the class members she represents, to be free from unreasonable searches and seizures and photographing of intimate body regions, secured by the Fourth and Fourteenth Amendments to the Constitution of the United States, were violated by Defendants. These violations are actionable through 42 U.S.C. § 1983.

## CLASS ALLEGATIONS

16. This action is brought and may properly be maintained as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure. Plaintiff brings her action on behalf of herself and all others similarly situated, as the representative member of the following classes (subject to the applicable six-year statute of limitations):

> All United States citizens arrested for gross misdemeanors, misdemeanors or ordinance offenses unrelated to weapons or illegal drugs who were required by officers of the Meeker County Jail to remove their clothing for visual inspection of their genitals, pubic area, buttocks, or, in the case of females, breasts at any time in the six years prior to the date of the filing of the Complaint through a date to be determined by the court.

> and

> All United States citizens arrested for gross misdemeanors, misdemeanors or ordinance offenses unrelated to weapons or illegal drugs who had their pubic area, or, in the case of females, breast, photographed by officers of the Meeker County Jail any time in the six years prior to the date of the filing of the Complaint through a date to be determined by the court.

**Numerosity**
**Fed. R. Civ. P. 23(a)(1)**

17. The class is so numerous that joinder of the individual members of the proposed classes is impracticable. If Plaintiff is correct that the strip searches and photographing were being done pursuant to a custom and/or policy of Meeker County of strip searching arrestees brought to the Meeker County Jail, the number of class members may be in the hundreds or even thousands. While the exact number and identities of class members are unknown at this time and can only be ascertained through appropriate investigation and discovery, Plaintiff believes that the members of the class are readily identifiable from records in the possession of Defendants Meeker County and Sheriff Hirman.

**Commonality of Questions of Law and Fact**
**Fed. R. Civ. P. 23(a)(2) and 23(b)(3)**

18. Questions of law and fact arising out of the strip searches and photographing conducted at the Meeker County Jail are common to all members of the classes and predominate over any questions affecting only individual members of the class.

19. The members of the classes seek to remedy a common legal grievance. They were all similarly victimized by the custom and/or policy complained of herein. All members of the first proposed class were strip searched regardless of their individual circumstances or the circumstances of their arrests. All the searches were performed as a matter of course, policy and/or custom, without cause, and with no analysis of the reasonable likelihood that any class member was concealing contraband or weapons. On information and belief, there were no material variations in the nature of the strip searches performed. Likewise, all members of the second proposed class had their pubic area and/or breasts photographed in the same manner.

### Typicality of Claims
### Fed. R. Civ. P. 23(a)(3)

20. Plaintiff's claims are typical of the members of the classes. Plaintiff and all members of the classes sustained damages directly caused by the Defendants' wrongful, illegal, and unconstitutional conduct. That conduct was similar, if not exactly the same, toward each of the class members, in that each class member was illegally strip searched and/or photographed pursuant to the practice, policy and/or custom complained of herein. The Fourth and Fourteenth Amendment rights of the Plaintiff and of each class member were violated in the same manner and by the same conduct.

### Adequacy of Representation
### Fed. R. Civ. P. 23(a)(4)

21. Plaintiff will fairly and adequately protect the interests of the members of the classes. Plaintiff has no interests adverse to the interests of absent class members. Plaintiff, like all class members, was illegally strip searched and/or photographed pursuant to the practice, policy and/or custom complained of herein. Plaintiff has retained counsel with significant experience in the prosecution of large, complex, multi-plaintiff litigation, including recent, similar strip search class action litigation. Plaintiff's counsel will vigorously prosecute this action.

### Appropriateness and Superiority
### Fed. R. Civ. P. 23(b)(3)

22. A class action is superior to other available methods for the fair and efficient adjudication of this litigation, since individual joinder of all members of the class is impracticable. Even if class members could afford individual litigation, the number of such individual actions would prove unduly burdensome to the courts. Individual litigation magnifies

the delay and expense to all parties. By contrast, the class action device presents far fewer management difficulties and provides the benefits of unitary adjudication, economies of scale, and comprehensive supervision by a single court. Concentrating this litigation in one forum will promote judicial economy and efficiency and promote parity among the claims of individual class members as well as judicial consistency. The conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and protects the rights of each class member. Notice of the pendency and of any resolution of this action can be provided to the class members by U.S. mail.

## COUNT ONE

23.     Plaintiff, on behalf of herself and all others similarly situated, repeats, realleges and incorporates by reference, as if set forth here in their entirety, paragraphs 1 through 22 above.

24.     The strip search conducted of Plaintiff was conducted pursuant to Meeker County's blanket practice, policy, and/or custom of strip searching arrestees brought to the Meeker County Jail, who were to be housed in an inmate housing unit. The County's practice, policy, and/or custom did not require probable cause, reasonable belief, reasonable suspicion or any individualized reason to believe or suspect that the Plaintiff was in possession of, or concealing, contraband or weapons. As such, the search constituted an illegal and unconstitutional search in violation of the Fourth Amendment's and Fourteenth Amendment's prohibition of unreasonable searches.

25.     Defendants Meeker County and Sheriff Hirman either established the practice, policy and/or custom complained of, or knew or should have known of its existence, or were deliberately indifferent to the fact that arrestees brought to the Meeker County Jail were being

strip searched, regardless of offense or reason for detention or reasonable belief that they were concealing contraband or weapons.

26. On information and belief, Defendants Meeker County and Sheriff Hirman failed to properly train the Deputy Sheriffs regarding the constitutional parameters concerning strip searches and failed to intercede or alter the strip search practice, policy, and/or custom of unconstitutionally strip searching arrestees.

27. As a direct and proximate result of Defendants' acts and/or omissions, as described herein, Defendants Meeker County and Sheriff Hirman, while acting under color of state law, deprived Plaintiff, and the classes she represents, of their federal constitutional right to be free from unreasonable searches and seizures, in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States actionable under 42 U.S.C. § 1983.

28. As a further direct and proximate result of Defendants' acts and/or omissions, as described herein, Plaintiff, and the classes she represents, suffered violations of their rights, privileges, and immunities under the Constitution of the United States and suffered humiliation and embarrassment, all to their damage in an amount to be determined in excess of $75,000.

## COUNT TWO

29. Plaintiff, on behalf of herself and all others similarly situated, repeats, realleges and incorporates by reference, as if set forth here in their entirety, paragraphs 1 through 28 above.

30. The photographing of Plaintiff's breasts was conducted pursuant to Meeker County's blanket practice, policy, and/or custom of photographing the breasts and/or pubic area of all arrestees who admitted to having body piercings in those areas. The County's practice, policy, and/or custom did not require probable cause, reasonable belief, reasonable suspicion or

any individualized reason to believe or suspect that the Plaintiff's body piercings in any way aided or resulted in the possession of, or concealment of, contraband or weapons. As such, the search constituted an illegal and unconstitutional search in violation of the Fourth Amendment's and Fourteenth Amendment's prohibition of unreasonable searches.

31. Defendants Meeker County and Sheriff Hirman either established the practice, policy and/or custom complained of, or knew or should have known of its existence, or were deliberately indifferent to the fact that arrestees who admitted to having body piercings in their pubic area, or, in the case of females, their breasts, were having those areas photographed.

32. On information and belief, Defendant Meeker County and Sheriff Hirman failed to properly train the Deputy Sheriffs regarding the constitutional parameters concerning strip searches and failed to intercede or alter the custom and/or policy of unconstitutionally photographing the pubic area and/or breasts of arrestees.

33. As a direct and proximate result of Defendants' acts and/or omissions, as described herein, Defendants Meeker County and Sheriff Hirman, while acting under color of state law, deprived Plaintiff, and the classes she represents, of their federal constitutional right to be free from unreasonable searches and seizures, in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States actionable under 42 U.S.C. § 1983.

34. As a further direct and proximate result of Defendants' acts and/or omissions, as described herein, Plaintiff, and the classes she represents, suffered violations of their rights, privileges and immunities under the Constitution of the United States and suffered humiliation and embarrassment, all to their damage in an amount to be determined in excess of $75,000.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against the Defendants, and each of them jointly and severally, as follows:

A. That this case be tried before a jury;

B. That this Court certify the classes and appoint Plaintiff and her counsel to represent the classes;

C. That this Court find that Defendants, and each of them, committed acts that constituted violations of the Fourth and Fourteenth Amendments to the United States Constitution, actionable under 42 U.S.C. § 1983;

D. That this Court enter a preliminary and permanent injunction ordering Defendants to refrain from strip searching arrestees brought to the Meeker County Jail without regard to the involved offense or reason for arrest and without probable cause, reasonable belief, reasonable suspicion or any individualized reason to believe or suspect that the arrestee is in possession of, or concealing, contraband or weapons, solely because those inmates are to be housed in an inmate housing unit;

E. That this Court enter a preliminary and permanent injunction ordering Defendants to refrain from photographing the pubic area and/or breasts of arrestees who have body piercings in those areas;

F. That this Court award monetary damages, including presumed, special and general damages, to Plaintiff and the class members;

G. That this Court award Plaintiff and the class members all applicable pre-judgment and post-judgment interest;

H. That this Court award Plaintiff and the class members their class action contingency attorneys' fees and costs or, in the alternative, their attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

I. That this Court award such other and further relief as the Court may deem just and equitable.

Dated:  March 31, 2008

                Respectfully submitted,

                **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

                By:  s/ Vincent J. Moccio
                      Vincent J. Moccio (#184640)
                      Philip Sieff (#169845)
                      Laura M. Provinzino (#0329691)

                2800 LaSalle Plaza
                800 LaSalle Avenue
                Minneapolis, Minnesota 55402-2015
                (612) 349-8500

                **ATTORNEYS FOR PLAINTIFF GAIL LYNN SIMPSON, INDIVIDUALLY, AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED**