UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

Gail Lynn Simpson, individually,                    Civil No. 08-CV- 00897
and on behalf of all others similarly
situated,

              Plaintiff,

vs.

The County of Meeker, Minnesota,
and Sheriff Mike Hirman,

              Defendants.
_____

**ORDER CONDITIONALLY CERTIFYING THE SETTLEMENT CLASSES
AND GRANTING PRELIMINARY APPROVAL OF SETTLEMENT**
_____

This matter comes before the Court upon consideration of the parties' "Joint Petition of Plaintiff and Defendants For Certification of Settlement Classes and Preliminary Approval of the Proposed Settlement Agreement." After considering the Petition and the arguments of counsel, and upon all the records and files herein,

**IT IS HEREBY ORDERED AND DECREED THAT:**

    1.    This Court, acknowledging the proposed Settlement Agreement brought before this Court for Preliminary Approval, finds that the two proposed Settlement Classes meet all of the requirements of Fed. R. Civ. P. 23 for the purposes of settlement only. The Strip Search Settlement Class is certified and defined as:

> All persons arrested for gross misdemeanors, misdemeanors, or lesser offenses, unrelated to weapons or illegal drugs, who at the time of their booking into the Meeker County Jail, were required by officers of Meeker County to remove their clothing for visual inspection of their genitals, pubic area, buttocks, or, in the case of females, breasts, in the absence of any individualized suspicion that they possessed contraband or weaponry, at anytime between March 31, 2002, and April 30, 2008.

The Photograph Settlement Class is also certified and is defined as follows:

> All persons arrested for gross misdemeanors, misdemeanors or lesser offenses, unrelated to weapons or illegal drugs, who at the time of their booking into the Meeker County Jail, had their pubic area, or, in the case of females, breasts, photographed by officers of the Meeker County Jail, at anytime between March 31, 2002, and April 30, 2008.

2. If the proposed settlement, for whatever reason, fails to become effective, the classes will no longer be considered certified and this action will revert back to a putative class action. Nothing in this Order shall prevent the classes from being certified at a later date either as a settlement class or classes outside the settlement context.

3. Gail Lynn Simpson, of Big Lake, Minnesota, County of Sherburne, is designated as Class Representative and Vincent J. Moccio, of Robins, Kaplan, Miller & Ciresi L.L.P., 800 LaSalle Avenue, Suite 2800, Minneapolis, Minnesota 55402, 612-349-8500, is designated as Class Counsel.

4. This Court preliminarily approves the Settlement Agreement and determines that the proposed Settlement is sufficiently reasonable, adequate and fair to warrant giving notice to members of the Settlement Class and to warrant a full hearing about whether the Settlement Agreement should be given Final Approval. The Formal Fairness Hearing will be held in Courtroom 12W of the U.S. Federal Courthouse, at 9:30 a.m. on Friday, September 25, 2009.

5. This Court determines that the proposed Individually Mailed Notice is reasonable and meets the requirements of Fed. R. Civ. P. 23(c) and (e). It informs the proposed Settlement Class Members that they may exclude themselves from the Settlement Classes, and gives them a mechanism for doing so. Fed. R. Civ. P. 23(c)(2). It informs Settlement Class Members that the settlement will be binding upon all Settlement Class Members that do not request exclusion. Fed. R. Civ. P. 23(c)(2) and (e). And, it informs Settlement Class Members that any Member

80665018.1

who does not request exclusion may, but need not, enter an appearance through counsel.  Fed. R. Civ. P. 23(c)(2).  It also presents the terms and provisions of the Settlement Agreement, the background of the case, and the rights and responsibilities of the Settlement Class Members in connection with the settlement approval process in a clear, understandable and informative manner.  Fed. R. Civ. P. 23(e).

6. The Notice shall state that a hearing will be held to determine whether to formally approve the Settlement Agreement on Friday,  September 25, 2009, at 9:30 a.m. when all objections to the Settlement Agreement will be heard.  It shall further state that those wishing to file comments about, or objections to the Settlement Agreement, must file their written comments or objections with the Court to be postmarked within 60 days of the mailing of the Notices, which date will be specifically stated in the Notice.

7. The Notice sent to potential Settlement Class Members shall further state that both Forms for Exclusion from the Classes and Claim Forms for attestations of being strip searched and/or photographed must be returned to Class Counsel and must be postmarked within 60 days of the mailing of the Notices, which date will be specifically stated in the Notice. Persons not returning the Claim Form attestation as required shall not be included in the Settlement Class.

8. The Notice, attached to the Joint Petition as Exhibit H or a materially similar Notice meeting the terms of this order, shall be mailed to potential Class Members as described in Section VII(A) of the Joint Petition.

BY THE COURT:

Dated:  June 18, 2009                    s/  Joan N. Ericksen
                                         Joan N. Ericksen
                                         Judge of U.S. District Court

80665018.1

3