UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Gail Lynn Simpson, individually,
and on behalf of all others similarly
situated,
        Plaintiff,

v.        Civil No. 08-897
        ORDER

County of Meeker, Minnesota,
and Sheriff Mike Hirman,

        Defendants.

---

Vincent J. Moccio, Esq., Robins Kaplan Miller & Ciresi L.L.P., appeared for Plaintiff Gail Lynn Simpson and the Plaintiff Class.

Susan M. Tindal, Esq., Iverson Reuvers, LLC, appeared for Defendants County of Meeker, Minnesota, and Sheriff Mike Hirman.

---

     Pursuant to an Order dated June 18, 2009, a final approval hearing of the proposed settlement (Final Hearing) was held before the Court at 9:30 a.m. on September 25, 2009. Notice of the Final Hearing was given to the Class Members in accordance with the June 18 Order. The Court heard and considered the parties' arguments in support of the proposed settlement. Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED, ADJUDGED, AND DECREED THAT:

     1.     Class Counsel caused a Notice of the proposed settlement class, the settlement of this action, and of the date of the Final Hearing to be mailed to the Class Members, giving them an opportunity to opt out of the action, object to the proposed settlement, or comment in support of the proposed settlement. The Notice informed all Class Members of the opportunity to be present and to be heard at the Final Hearing. The Notice was adequate and sufficient.

2. Class Counsel mailed the Notice to 2,643 people at 4,455 addresses. The Notice informed potential Class Members that they could opt out of the settlement, but that in order to do so, their opt-out forms must be postmarked by September 11, 2009. Potential Class Members were informed that to receive compensation, they needed to attest to being strip searched and/or photographed, and that their attestations must be postmarked by September 11, 2009. As an addendum to that provision of the June 18 Order, Class Members will be given an additional 60 days from the date of the Final Hearing (September 25, 2009) to return claim forms attesting to being strip searched or photographed. Any funds paid to persons making such attestations after September 11, 2009, will be paid out of the attorney fees amount stated below, which amount will be reduced accordingly. Class Counsel will mail a letter informing Class Members of the additional 60-day period as soon as possible to all addresses from which the Notice was not returned as undeliverable.

3. In response to the mailed Notices, Class Counsel received one objection to the settlement. The objection was written on the returned attestation/claim form. The objector wrote: "I object to the $2500 claim cap" on the claim form. In a subsequent conversation with Class Counsel, the objector stated that he was unsure he wanted to object to the settlement. The objector did not appear at the Final Hearing. This Court has received no written objections to the settlement, and no Class Member appeared at the Final Hearing to make any such objection. The Court has considered the sole relevant objection to the settlement and finds that the settlement, as described in the Settlement Agreement, is fair, reasonable, adequate, and in the best interests of the Class. Further, because of the number of claims that were made, the cap was not reached and no person's compensation was limited by the negotiated cap. The Court therefore approves the settlement.

4. The Court finds that the named plaintiff and Class Counsel have adequately represented the interests of the Class, and that the settlement and the attorney fees and costs agreed upon by the parties as part of the settlement are fair and reasonable.

5. Because adequate Notice of this action and of the Final Hearing has been given to Class Members, because such Notice complied with all requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and because a full opportunity has been offered to the Class Members to object to the proposed settlement and to participate in the Final Hearing, it is determined that all members of the Class who did not properly opt out of the Class are subject to and bound by this Order and Final Judgment.

6. The Court approves the settlement, as described in the Settlement Agreement, as fair, reasonable, adequate, and in the best interests of the Class, as amended as described in paragraph 12 below.

7. Within 30 days of the date of this Order, Defendant will make payment of One Million Seven Hundred Fifty Thousand Dollars ($1,750,000.00) by transfer of this amount to Class Counsel's trust account.

8. Within 20 days of the receipt by Class Counsel of the payment of the One Million Seven Hundred Fifty Thousand Dollars ($1,750,000.00), Class Counsel will mail a check to each Class Member that returned a claim form in an amount as calculated by the formula set forth in the Settlement Agreement.

9. According to the figures provided by Class Counsel, 397 claim forms were received that were postmarked by September 11, 2009. Those 397 claim forms reported 807 compensable strip searches and 132 compensable instances of photography of personal areas.

Eight claimants properly attested to being photographed but did not properly attest to being strip searched.

10. Based on the formula contained in the settlement agreement, as approved by the Court, the "primary fund" of Nine Hundred Fifty Thousand Dollars ($950,000.00) will be divided into 521 "shares." Each of the 389 persons submitting a timely claim form attesting to at least one search will receive one share equaling One Thousand Eight Hundred Twenty Three and 42/100 Dollars ($1,823.42) from the "primary fund" of Nine Hundred Fifty Thousand Dollars ($950,000.00). Each of the 132 persons reporting that they were photographed as described in the Notice will receive one share equaling One Thousand Eight Hundred Twenty Three and 42/100 Dollars ($1,823.42) from the "primary fund" of Nine Hundred Fifty Thousand Dollars ($950,000.00). The "secondary fund" of One Hundred Twenty Thousand Dollars ($120,000.00) will be divided into 418 "shares." Each person reporting multiple compensable strip searches will receive Two Hundred Eighty Seven and 08/100 Dollars ($287.08) for each compensable strip search (after the first compensable search) from the "secondary fund" of One Hundred Twenty Thousand Dollars ($120,000.00).

11. Pursuant to the settlement agreement, as approved by the Court, named plaintiff Gail Lynn Simpson will receive Fifty Thousand Dollars ($50,000.00).

12. In the best interests of the Class, the Court finds, with the agreement of all parties and counsel, that the Settlement Agreement should be amended as follows:

> A "Straggler Fund" will be established in the amount of Seventy Thousand Dollars ($70,000.00). This Fund will be equally divided among all persons who made, or will make, a claim postmarked after September 11, 2009, but by November 24, 2009 (60 days from the Final Hearing). The Straggler Fund will be divided into equal shares for all persons claiming at least one strip search or claiming that they were photographed as described in the Notice. Persons claiming both at least one strip search and that they were photographed will receive 2 shares. There will be no additional compensation for additional

4

searches beyond the first search. In other words, there would be no "secondary straggler fund." The share amount of the Straggler Fund will be capped at One Thousand Eight Hundred Twenty Three and 42/100 Dollars ($1,823.42) per share. Thus, no person collecting under the Straggler Fund will be in a better position than those who submitted timely forms.

The Court recognizes that, depending on how many claims are received between September 11, 2009, and November 24, 2009, each share of the Straggler Fund could be worth less than the compensation received by those who submitted timely forms. The Court finds that this amendment is fair given that these persons missed the original deadline. Checks to those claiming under the Straggler Fund will be mailed by December 10, 2009.

13.     The remaining Six Hundred Thirty Thousand Dollars ($630,000.00) of the settlement amount will be paid to Class Counsel for attorney fees and costs, including the costs of notifying the class and distributing settlement proceeds. However, the Seventy Thousand Dollar ($70,000.00) "Straggler Fund" will be funded from the Six Hundred Thirty Thousand Dollars ($630,000.00) set aside for attorney fees and costs. Thus, attorney fees and costs will be reduced by the amount paid to Class Members from the "Straggler Fund," up to a maximum of Seventy Thousand Dollars ($70,000.00). If the Straggler Fund cap of One Thousand Eight Hundred Twenty Three and 42/100 Dollars ($1,823.42) per share results in less than the entire Seventy Thousand Dollars ($70,000.00) being distributed, the difference will revert back to being Class Counsel compensation.

14.     By October 2, 2009, Class Counsel will send a letter explaining the "Straggler Fund" to all previously mailed-to addresses that did not result in the mailing being returned as undeliverable. The letter will <u>not</u> include a new claim form, but will inform recipients that they can contact Class Counsel to receive a new claim form if they need one.

15. No later than December 23, 2009, Class Counsel will provide an accounting to the Court and to defense counsel showing the names and addresses of all persons receiving compensation, showing the amount of that compensation, and certifying that all funds have been disbursed. In the event that any mailed checks are returned as undeliverable and the intended recipient cannot be located, or are not cashed within six months of the date of mailing, the checks shall become void and any unclaimed funds will be returned to the Defendants.

16. Class Members who cash their checks will receive a Form 1099, which will be sent in February 2010. The Court makes no ruling on whether the settlement is or is not taxable.

17. The terms of the Settlement Agreement and the terms of this Order shall be forever binding upon the Class Members who did not properly request exclusion (opt out), and upon the Class Members who did not properly attest to the fact that they were strip searched in accordance with the terms of the Notice. The terms of the Settlement Agreement and this Order shall have res judicata and preclusive effect in all pending and future lawsuits and actions maintained by any Class Member who did not properly opt out or attest to being strip searched, as well as the heirs, executors, administrators, successors, and assigns of all such Class Members.

18. A list of the names of the 22 persons who timely and properly requested exclusion from the Class is attached hereto as Exhibit A. These persons are the only potential Class Members excluded from the Class.

19. All Class Members who did not timely or properly request exclusion are hereby forever barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, any action asserting any of the Released Claims (as that term is defined in the Settlement Agreement) against any of the parties released in the Settlement Agreement.

20. This action is dismissed with prejudice, with all parties bearing their own costs and attorney fees, except as provided for in the Settlement Agreement. The provisions in the Settlement Agreement for attorney fees and costs are approved by the Court as fair and reasonable.

21. Jurisdiction is hereby retained as to all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement.

Dated: October 1, 2009

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge

# Request for Exclusions
**Simpson v. Meeker County, et. al.**
**Court File No.: 08-897**

|    | A | B |
|----|---|---|
| 1  | **Name** | **Address** |
| 2  | Balmer, Laura Kim | 1699 Norman Crossing Rd. NW Apt. 3<br>Pine River, MN 56474 |
| 3  | Clark, Jess D. | 2700 Harriet Ave. S., Apt. 203<br>Minneapolis, MN 55408-1433 |
| 4  | Cox, Billy Thomas | 213 Terrace View Drive<br>Litchfield, MN 55355 |
| 5  | Decker, Billy | 15569 200th Street<br>Cold Spring, MN 56320 |
| 6  | Eiler, Herbert H. | 627 East 1st Street<br>Litchfield, MN 55355 |
| 7  | Foley, Patrick J. | 59488 360th Street<br>Eden Valley, MN 55329 |
| 8  | Hall (n/k/a Harbarth), Sarah A. | 413 Stoney Point Road SW<br>Hutchinson, MN 55350 |
| 9  | Hicks, Mary Ann | 24647 608th Avenue<br>Litchfield, MN 55355 |
| 10 | Holzheimer, Daniel | 100 River Oak Dr., Apt. 306<br>Cold Spring, MN 56320 |
| 11 | Huggett, Grady | P.O. Box 603<br>1105 7th Avenue<br>Howard Lake, MN 55355 |
| 12 | Larsen, Christy | 1070 Sherwood Street SE<br>Hutchinson, MN 55350 |
| 13 | Letourneau, Jeff | 36123 532nd Avenue<br>Grove City, MN 56243 |
| 14 | Nelson, Lynn M. | Box 91, 550 Mars Street<br>Cosmos, MN 56228 |
| 15 | Novotny, Christopher John | P.O. Box 464<br>Renville, MN 56284 |
| 16 | Paulson, Brant | 151 Meeker Ave. So.<br>P.O. Box 132<br>Watkins, MN 55389 |
| 17 | Philippi, Luke | 11595 Hazel Road<br>St. Cloud, MN 56301 |
| 18 | Puente, Carlos | 71424 MN Highway 24<br>Kimball, MN 55353 |
| 19 | Robasse, Kevin | 1520 Crofoot Avenue NW<br>Buffalo, MN 55313 |
| 20 | Roiger, John A. | 26134 Woodview Lane<br>Zimmerman, MN 55398 |
| 21 | Schmitz, John Russell | 60318 W. Hwy 12<br>Litchfield, MN 55355 |
| 22 | Schneedwind, Nicole | 988 Goldfinch Drive<br>Waconia, MN 55387 |
| 23 | Thielman, Christine | 241 Railroad Aveue, Apt. 106<br>Albany, MN 56307 |